STEPHEN M. HARBER, STATE BAR #119830
AMY ARSENEAUX EVENSTAD, STATE BAR #305828
BESSIE A. MAFUD, STATE BAR #321860
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500 / Facsimile: (213) 689-2501
sharber@mccuneharber.com, aevenstad@mccuneharber.com and
bmafud@mccuneharber.com

Attorneys for Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DIVISION

| | |
|---|---|
| KYSEAN FERREIRA, a minor by his guardian ad litem, CANDACE SALEM,<br><br>    Plaintiff,<br><br>vs.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT, SHA YON STAMPER, VIRGINIA DIVERS, JASON HEESCH, SAUL HERNANDEZ, Does I to 20,<br><br>    Defendants. | Case No:<br><br>**DEFENDANT LONG BEACH UNIFIED SCHOOL DISTRICT'S NOTICE OF REMOVAL BASED ON FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION; DECLARATION OF BESSIE MAFUD IN SUPPORT THEREOF** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant LONG BEACH UNIFIED SCHOOL DISTRICT (the "District") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California for the reasons described below:

1.      On or about May 25, 2022, Plaintiff Kysean Ferreira a minor, by and

through his guardian ad litem Candace Salem, filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled *Ferreira v. Long Beach Unified School District, et al*, Case No. 22STCV17326 (the "State Action"). (Declaration of Bessie Mafud ("Mafud Decl.") at ¶ 2.) Plaintiff subsequently filed a First Amended Complaint. (*Id.*, Ex. A.) The District timely filed its answer in the State Action. (Mafud Decl. at ¶ 3; Ex. B.)

2.     On information and belief, Defendants Shayon Stamper, Virginia Divers, Jason Heesch and Saul Hernandez may have been improperly served via substituted service on June 9, 2022. (Mafud Decl. at ¶ 4). Defendants Shayon Stamper, Virginia Divers, Jason Heesch and Saul Hernandez have not appeared, and have therefore not been joined in this action. (*Id.*)

3.     The Complaint in the State Action purports to allege a claim against the District for violation of Plaintiff's civil rights: the first cause of action for violation of 42 U.S.C. § 1983. (Mafud Decl. at ¶ 5, Ex. A.) The Complaint also purports to allege state law causes of action against the District for negligence, battery and violations of the Unruh Civil Rights Act (California Civil Code § 51, *et seq*.) (*Id.*)

4.     The gravamen of all of Plaintiff's claims is that the District and Defendant Shayon Stamper violated his civil rights by the use of excessive force while detaining him when Plaintiff and another student engaged in a physical fight at school in violation of the Fourth Amendment of the United States Constitution. (Mafud Decl. at ¶ 6; Ex. A, ¶¶ 18-24.) Plaintiff further alleges that the District and the other defendants denied him full and equal accommodations and services based on his disability, which is a diagnosis of Oppositional Defiant Disorder ("ODD"). (Mafud Decl. at ¶ 6; Ex. A, ¶¶ 9-14; 25-27.) As such, the state law causes of action are so related to the federal claims that they form part of the same case or controversy.  (28 U.S.C. § 1367.)

5.     The entire action is therefore removable pursuant to 28 U.S.C. Sections 1331, 1367, 1441, and 1446.

/ / /

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

MCCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

**JURISDICTION**

6.     This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. Section 1331 (federal question jurisdiction), and supplemental jurisdiction under 28 U.S.C. Section 1367.  The District may remove it under 24 U.S.C. Section 1441(a).

7.     The District's Notice to Adverse Parties of this Notice of Removal is being contemporaneously filed in the State Action.  (Mafud Decl. at ¶ 7).

8.     Pursuant to the provisions of 28 U.S.C. Section 1446, true and correct copies of the pleadings previously filed in the State Action that are in the possession of the District are attached to the concurrently filed Declaration of Bessie Mafud as Exhibits A and B.  (Mafud Decl. at ¶ 8.)

**INTRADISTRICT ASSIGNMENT**

9.     The State Action was filed in the County of Los Angeles, California, which serves as the basis for assignment to the United States District Court, Central District of California, Western Division.

**NOTICE TO PLAINTIFF AND STATE COURT**

10.     Immediately following the filing of this Notice of Removal, written notice will be served on Plaintiff, and filed with the Clerk of the Superior Court for the County of Los Angeles in accordance with 28 U.S.C. Section 1446(d).

WHEREFORE, the District respectfully requests that the above-entitled action, currently pending in the Superior Court of the State of California, in and for the County of Los Angeles, be removed to the United States District Court for the Central District of California.

/ / /

/ / /

/ / /

/ / /

/ / /

-3-

DATED:      July 28, 2022                McCUNE & HARBER, LLP

By:_____

          STEPHEN M. HARBER, ESQ.
          AMY A. EVENSTAD, ESQ.
          BESSIE A. MAFUD, ESQ.
Attorneys for defendant, LONG BEACH
UNIFIED SCHOOL DISTRICT

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-4-

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

## <u>DECLARATION OF BESSIE MAFUD</u>

1.      I am an attorney, licensed to practice in the State of California, and admitted to practice before the United States District Court for the Central District of California.  I am an attorney at McCune & Harber, LLP, attorneys for Defendant Long Beach Unified School District (the "District") in this action.  The following is based on my personal knowledge.  If called as a witness, I could and would testify competently to the facts herein.

2.      On or about May 25, 2022, Plaintiff Kysean Ferreira a minor, by and through his guardian ad litem Candace Salem, filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled *Ferreira v. Long Beach Unified School District, et al*, Case No. 22STCV17326 (the "State Action"). Plaintiff thereafter filed a First Amended Complaint. A true and correct copy of the First Amended Complaint in the State Action is attached hereto as **<u>Exhibit A</u>**.

3.      The District timely filed its answer in the State Action on July 28, 2022. A true and correct copy of the Answer in the State Action is attached hereto as **<u>Exhibit B</u>**.

4.      On information and belief, Defendants Shayon Stamper, Virginia Divers, Jason Heesch and Saul Hernandez were improperly served via substituted service on June 9, 2022. (Mafud Decl. at ¶ 4). Defendants Shayon Stamper, Virginia Divers, Jason Heesch and Saul Hernandez have not appeared, and have therefore not been joined in this action.

5.       The Complaint in the State Action purports to allege one claim against the District for violation of Plaintiff's civil rights: the first cause of action for violation of 42 U.S.C. § 1983. The Complaint also purports to allege state law causes of action against the District for negligence, battery and violations of the Unruh Civil Rights Act (California Civil Code § 51, *et seq.*)

6.      The gravamen of all of Plaintiff's claims is that the District and Defendant Shayon Stamper violated his civil rights by the use of excessive force while detaining him when Plaintiff and another student engaged in a physical fight at school in violation

of the Fourth Amendment of the United States Constitution. Plaintiff further alleges that the District and the other defendants denied him full and equal accommodations and services based on his disability, which is a diagnosis of Oppositional Defiant Disorder ("ODD"). As such, the state law causes of action are so related to the federal claims that they form part of the same case or controversy.

7.     The District's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in the State Action.

8.     Pursuant to the provisions of 28 U.S.C. section 1446, true and correct copies of the pleadings previously filed in the State Action that are in the possession of the District are attached hereto as Exhibits A and B.

9.     The State Action was filed in the County of Los Angeles, California, which serves as the basis for assignment to the United States District Court, Central District of California, Western Division.

10.     Immediately following the filing of this Notice of Removal, written notice will be served on Plaintiff, and filed with the Clerk of the Superior Court for the County of Los Angeles in accordance with 28 U.S.C. Section 1446(d).


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on July 28, 2022, in Los Angeles, California.

BESSIE MAFUD, DECLARANT

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

10600162                                    Defendant's Notice of Removal Based on Federal Question and Supplemental Jurisdiction

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
                             ) ss.
                             )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1150, Los Angeles, California 90071.

On July 28, 2022, I served the foregoing document described as **DEFENDANT LONG BEACH UNIFIED SCHOOL DISTRICT'S NOTICE OF REMOVAL BASED ON FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION; DECLARATION OF BESSIE MAFUD IN SUPPORT THEREOF**, on the interested parties by emailing a true copy thereof to all interested parties addressed as follows:

Kyle J. Scott, Esq.
Kyle Scott Law, PLC
17671 Irvine Blvd., Ste. 210
Tustin, California 92780-3178
kyle@kjslaw.com; sam@kjslaw.com;
naomi@kjslaw.com; servie@kjslaw.com
Attorney for Plaintiff, Kysean Ferreira, a minor by his guardian ad litem, Candace Salem

___X___ **ONLY BY ELECTRONIC TRANSMISSION**.  Only by e-mailing the document(s) to the persons at the e-mail address(es) below.  This is necessitated during the declared national emergency and governor's executive order due to the Coronavirus (COVID-19) pandemic because staff in this office is working remotely, and is unable to send physical mail as usual. Therefore, the document(s) referenced above is/are served only by using electronic mail.  We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

___X___(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 28, 2022, at Los Angeles, California.

_____
ELIZABETH C FLORES

# K ▪ Kyle Scott Law

Kyle J. Scott, State Bar No. 155434
Kyle Scott Law, PLC
17671 Irvine Blvd., Ste. 210
Tustin, California 92780-3178
Telephone (714) 544-1460
Facsimile (714) 544-1463
Attorney for Plaintiff,
Kysean Ferreira, a minor by
his guardian ad litem,
Candace Salem

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

| | |
|---|---|
| KYSEAN FERREIRA, a minor by his guardian ad litem, CANDACE SALEM, <br><br> Plaintiff, <br><br> v. <br><br> LONG BEACH UNIFIED SCHOOL DISTRICT, SHAYON STAMPER VIRGINIA DIVERS, JASON HEESCH, SAUL HERNANDEZ, Does 1 to 20, <br><br> Defendant(s). | Case No. 22STCV17326 <br> Judge Michael E. Whitaker, Dept. 32 <br><br> PLAINTIFF'S FIRST AMENDED COMPLAINT FOR: <br> 1.  NEGLIGENCE BASED UPON STATUTORY LIABILITY; <br> 2.  BATTERY BASED UPON STATUTORY LIABILITY; <br> 3.  CIVIL RIGHTS VIOLATION; <br> 4.  UNRUH CIVIL RIGHT ACT; VIOLATION OF AMERICAN WITH DISABILITIES ACT <br> PLAINTIFF'S REQUEST FOR: <br> 1.  ATTORNEY FEES, <br> 2.  EXEMPLARY DAMAGES, <br> 3.  DEMAND FOR JURY TRIAL. |

COMES NOW, Plaintiff, KYSEAN FERREIRA, a minor by his guardian ad litem, CANDACE SALEM, for the following causes of action for: negligence based upon statutory liability; intentional tort based upon statutory liability, Civil Rights Violation, Unruh Civil Rights Violation, Violation of American with Disabilities Act, Request for

1

PLAINTIFF'S FIRST AMENDED COMPLAINT

Electronically Received 06/01/2022 03:34 PM

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

Attorneys Fees and Exemplary Damages against Defendants, LONG BEACH UNIFIED SCHOOL DISTRICT, SHAYON STAMPER, VIRGINIA DIVERS, JASON HEESCH, SAUL HERNANDEZ, Does 1 to 20, and each of them. Plaintiff, Plaintiff, KYSEAN FERREIRA, a minor by his guardian ad litem, CANDACE SALEM, alleges as follows:

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

1.     At all times herein, Plaintiff, KYSEAN FERREIRA, was a minor, born on 09/03/2007 and was 14 years old, resided in Long Beach, California with his mother, CANDACE SALEM, a competent adult.  An application for appointment of CANDACE SALEM as the guardian ad litem for KYSEAN FERREIRA has been submitted to this Court.

2.     At all times herein, Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT, is a governmental entity, that formed, controlled and administered the schools, administrators, teachers, community services officers and other employees within the City of Long Beach, California.

3.     At all times herein, Defendants, SHAYON STAMPER, VIRGINIA DIVERS, JASON HEESCH, SAUL HERNANDEZ and Does 1 to 20, were administrators, teachers, community services officers or other types of employees employed by Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT, and in doing the things hereinafter alleged were acting within the course and scope of their employment.

4.     At all times herein, Defendants, DOES 1 to 20, have been sued as such as their true names, capacities and States of organization are unknown to Plaintiff, who therefore sues such Defendants as named.  Plaintiff will seek leave of court to set forth their true names,

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

2
PLAINTIFF'S FIRST AMENDED COMPLAINT

capacities and States of organization when they have been fully ascertained.  Plaintiff is informed and believe, and upon such information and belief allege that each such DOE Defendant is in some way liable, be it negligently or otherwise for  Plaintiff's damages herein.

5.      At all times mentioned herein, Defendants were the agents and/or employees of each and every co-defendant, acting within the course and scope of said agency and employment.  Plaintiffs are informed and believe and herein allege that the events and occurrences, which are the subject matter of this lawsuit.

6.      At all times relevant, Defendants, and each of them, owed Plaintiff a duty of care to act as reasonably prudent persons in a like situation. Defendants who are public entities are liable for the acts or omissions of their employees that were in the scope of employment and that would give rise to a cause of action against that employee or his personal representative pursuant to *Government Code* § 815.2(a). Defendants who are a public entity are liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person, pursuant to *Government Code* § 815.4. Defendants who are a public entity and where such public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty, pursuant to *Government Code* § 815.6. Defendants who are public employees are liable for injury caused by his act or omission to the same extent as a private

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

3

PLAINTIFF'S FIRST AMENDED COMPLAINT

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

person, pursuant to *Government Code* § 820.

7.     On or about April 4, 2022, Plaintiff presented a Government Claim Form in an amount that was within the unlimited jurisdiction of the Superior Court of the State of California.  On or about May 5, 2022, Plaintiff's Claim was denied by Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT.

<u>FIRST CAUSE OF ACTION: NEGLIGENCE</u>
<u>AGAINST ALL DEFENDANTS</u>

8.     Plaintiff refers to all of the prior paragraphs of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

9.     On or about October 5, 2021, Plaintiff, KYSEAN FERREIRA, was a student at Perry Lindsey Academy, which is a middle school in the Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT, (Hereafter "LBUSD"). KYSEAN FERREIRA had an Individual Education Plan (Hereafter "IEP") in place since May 12, 2021 which provided accommodation for emotional disability and placed him in Special Education. During art class with Defendant, VIRGINIA DIVERS, (Hereafter "DIVERS") there was another student that began a verbal altercation with KYSEAN FERREIRA.  Normally there would be Special Education Aids Defendants, JASON HEESCH (Hereafter "HEESCH") and SAUL HERNANDEZ (Hereafter "HERNANDEZ") accompanying the Special Education students, but DIVERS would not allow the Special Education Aids to be present during the art class.

10.     After the class was dismissed, KYSEAN FERREIRA was confronted by the student with whom there had been a verbal altercation during art class.  The other student appeared ready to hit or physically fight KYSEAN FERREIRA.  KYSEAN FERREIRA who has a

4

PLAINTIFF'S FIRST AMENDED COMPLAINT

mental disability, Oppositional defiant disorder ("ODD") wherein he does not like to be touched, let alone struck, was extremely distressed by the situation. The Special Education Aids, HEESCH and HERNANDEZ, were not present and the teacher DIVERS failed to provide reasonable supervision and enforcement of the rules and regulations to protect the children on school grounds, including KYSEAN FERREIRA. It was then that a Campus Security Officer, SHAYON STAMPER, (Hereafter "STAMPER") grabbed the other student that was going to strike KYSEAN FERREIRA and fell over a tree planter. Then when KYSEAN FERREIRA walked toward the other student, STAMPER then grabbed KYSEAN FERREIRA. STAMPER put KYSEAN FERREIRA in a chokehold around his neck and tackled him to the ground. Then the Special Education Aids, HEESCH and HERNANDEZ, arrived at the incident and began to assist with the students. HERNANDEZ was holding KYSEAN FERREIRA around the middle portion of his left arm and STAMPER was forcefully bending KYSEAN FERREIRA's right wrist backward in a painful, wrist restraint maneuver and walking him toward the office. HERNANDEZ told STAMPER to "grab KYSEAN FERREIRA by the arm, not the wrist". STAMPER ignored HERNANDEZ and continued to restrain KYSEAN FERREIRA in a painful wrist restraint for up to 8 minutes. HEESCH and HERNANDEZ heard KYSEAN FERREIRA repeatedly say to STAMPER "Ouch you are hurting me, stop stop, let me go. You are hurting me!" HERNANDEZ and STAMPER admitted to Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT and CANDACE SALEM (Hereafter "SALEM") that KYSEAN FERREIRA was flailing about trying to "break free" of the painful wrist restraint. STAMPER, an adult male of an approximate weight of 250 pounds continued to

PLAINTIFF'S FIRST AMENDED COMPLAINT

inflict excruciating pain on to KYSEAN FERREIRA who was approximately 104 pounds by continuing the wrist restraint.  As a result of STAMPER continuing to inflict pain on KYSEAN FERREIRA through the wrist restraint, KYSEAN FERREIRA attempted to break free of the painful wrist restraint and KYSEAN FERREIRA, STAMPER and HERNANDEZ fell to the ground.  Then while KYSEAN FERREIRA was on the ground STAMPER applied additional restraint tactics and forcefully pushed his hand into the base of the back of KYSEAN FERREIRA's neck and put his knee into KYSEAN FERREIRA's back to forcefully keep him on the ground. STAMPER applied significant force and excessive force by using his bodyweight on KYSEAN FERREIRA and it resulted in pain, mental suffering and injuries to KYSEAN FERREIRA. It was at that time that Defendant's School Administrator, Mr. Bush, arrived at the incident and demanded that STAMPER get off of KYSEAN FERREIRA's back and neck and release him  from the restraint hold. STAMPER initially ignored Mr. Bush's demand.  Then only after a second time that Mr. Bush  instructed STAMPER to release KYSEAN FERREIRA did he comply, removing his hand from KYSEAN FERREIRA's neck and his knee from his back and allow the child to get up off the ground.

11.     Later when KYSEAN FERREIRA and SALEM attended a meeting regarding the incident, STAMPER admitted that he was unaware that KYSEAN FERREIRA had mental disabilities which included ODD or that he had an IEP.  STAMPER also stated that he was unaware that per KYSEAN FERREIRA's ODD, KYSEAN FERREIRA had an extreme aversion to being touched and forcibly grabbed or restrained.   SALEM explained to STAMPER, that KYSEAN FERREIRA's ODD and aversion to being touched is part of

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

his mental condition that is outlined specifically in his IEP. SALEM then asked if STAMPER if he was previously informed of the IEP in place for KYSEAN FERREIRA. STAMPER stated that he had never been notified that any of the children at the school had IEPs, including KYSEAN FERREIRA.

12.      Defendants, and each of them, are negligent and liable for Plaintiff, KYSEAN FERREIRA's injuries due to their failure to properly supervise and care for their students, and enforce the rules and regulations that are necessary to ensure the safety of their students, such as KYSEAN FERREIRA, including to protect them from violence from other students, such as the other student that engaged in a verbal altercation and attempted to strike KYSEAN FERREIRA.  Defendant, LBUSD, was negligent for their failure to properly supervise, train, hire and retain the Defendants, DIVERS, HEESCH and HERNANDEZ, regarding their duties to supervise students, their duties regarding special education students.  Defendant, LBUSD, was negligent for their failure to properly supervise, train, hire and retain the Defendant, STAMPER, who was not only negligent in the incident, but committed battery against Plaintiff.  Defendant, LBUSD, is responsible for Defendant, STAMPER's actions of in the incident, which include the use of unreasonable force, excessive force, assault and battery  against a minor. Defendant, LBUSD, is responsible per Government Code Section 815.2 (a) "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.", for the actions and omissions by the STAMPER, DIVERS, HEESCH and HERNANDEZ,

7

PLAINTIFF'S FIRST AMENDED COMPLAINT

DOES 1 to 20, that were in the course and scope of employment and which give rise to an action against those employees per Government Code Section 820 (a). Defendant, LBUSD, is liable for the negligence of its employees STAMPER, DIVERS, HEESCH and HERNANDEZ, DOES 1 to 20, who had a duty to supervise the students at all times and to hold the pupils to strict account for their conduct, failed to enforce the rules and regulations necessary for the protection of the students, failed to provide any supervision or to enforce and rules and regulation for the protection of the students, and in particular to protect Plaintiff, KYSEAN FERREIRA.

13.    At all times relevant, Defendants, LBUSD, STAMPER, DIVERS, HEESCH, HERNANDEZ, DOES 1 to 20, and each of them, owed Plaintiff, KYSEAN FERREIRA, a duty of care to act as reasonably prudent persons in a like situation. The public entities are liable pursuant to Government Code § 815.6, which states: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." At all times relevant, Defendants, and each of them, failed to discharge their duty to properly supervise the students and their fellow employees, including STAMPER, DIVERS, HEESCH, HERNANDEZ, DOES 1 to 20, which was a violation of a mandatory duty and Government Code § 815.6

14.    As a direct and legal result of Defendants, and each of them, negligence based upon the statutory liability of Government Code §§ 815.2(a), 815 820, Plaintiff, KYSEAN

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

PLAINTIFF'S FIRST AMENDED COMPLAINT

FERREIRA, has suffered injuries and damages including but are not limited to the following: physical, emotional and psychological injuries, including, but not limited to: physical injuries to his knees, back, neck, right wrist, fear, anxiety, stress, pain, emotional and physical trauma, nightmares, sleeplessness and other injuries associated with the assault and battery, resulting in injuries that occurred at the time of the INCIDENT and to the present, past medical expenses and medical care and treatment, future medical expenses and medical care and treatment, including counseling, psychological care, physical care and treatment, rehabilitation, monitoring, therapy and other forms of treatment for Plaintiff's harms and losses, future loss of earnings and loss of earning capacity.

**SECOND CAUSE OF ACTION: BATTERY**
Against Defendants, LONG BEACH UNIFIED SCHOOL DISTRICT,
SHAYON STAMPER, Does 1 to 20.

15.     Plaintiff repeats and re-alleges each and every allegation contained in above stated paragraphs of the Complaint and incorporates the same herein as though set forth in full.

16.     Defendant, STAMPER, committed battery against KYSEAN FERREIRA. STAMPER touched KYSEAN FERREIRA, or caused KYSEAN FERREIRA, to be touched with the intent to harm or offend him. KYSEAN FERREIRA did not consent to the touching; and KYSEAN FERREIRA was harmed and offended by **STAMPER**'s conduct; and that a reasonable person in KYSEAN FERREIRA's situation would have been offended by the touching. STAMPER is liable for the injuries caused by his acts or omissions in touching plaintiff with intent to harm or offend him to the same extent as a private person, pursuant to *Government Code* § 820. Defendant, LBUSD, is liable for the acts or omissions of their employees that were in the scope of employment and that would

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

9

PLAINTIFF'S FIRST AMENDED COMPLAINT

give rise to a cause of action against that employee or his personal representative pursuant to *Government Code* § 815.2(a).

17    As a direct and legal result of STAMPER's unlawful touching of KYSEAN FERREIRA, KYSEAN FERREIRA has suffered harms and losses and damages as set forth above in this Complaint.

### THIRD CAUSE OF ACTION: FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS (42 USC §1983), UNITED STATES CONSTITUTION, THE FOURTH AMENDMENT Against Defendants, LONG BEACH UNIFIED SCHOOL DISTRICT, SHAYON STAMPER, Does 1 to 20.

18.    Plaintiff repeats and re-alleges each and every allegation contained in above stated paragraphs of the Complaint and incorporates the same herein as though set forth in full.

19.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution.

20.    On or before and on June 14, 2005 PLAINTIFF, KYSEAN FERREIRA, possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive force by police officers acting under the color of law. KYSEAN FERREIRA claims that STAMPER, used excessive force in detaining him in violation of the Fourth Amendment to the United States Constitution.

21.    Defendants SHAYON STAMPER, Does 1 to 20, without just and legal cause, and with the intent to cause serious bodily injury, used force against KYSEAN FERREIRA. The force used by STAMPER was excessive.  STAMPER was acting or purporting to act in the performance of his official duties as Defendant, LBUSD's community services officer.  KYSEAN FERREIRA was harmed; and STAMPER's use of excessive force was a substantial factor in causing KYSEAN FERREIRA's harm.

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

22.   At the time of this incident, KYSEAN FERREIRA was not engaged in any assaultive behavior toward STAMPER or any other person or persons, and KYSEAN FERREIRA was complying with STAMPER and the Special Education Aides, HEESCH and HERNANDEZ.

23.   STAMPER used painful and potentially deadly restraint techniques including a chokehold, bending the wrist, tackling of the minor,  forcibly putting his body weight on the back and the neck of the minor which were entirely unjustified by any actions of KYSEAN FERREIRA and constituted an unreasonable and excessive use of force.

24.   As a direct and legal result of Defendants, and each of them, acts or omissions, Plaintiff suffered deprivation of his rights as guaranteed under the United States Constitution, the Fourth and Fourteenth Amendments, physical and emotional deprivations and injury and distress to both the Plaintiff's body, emotion and mind as alleged elsewhere in this complaint.

### FOURTH CAUSE OF ACTION: FOR VIOLATION OF UNRUH CIVIL RIGHTS ACT CIVIL CODE SEC. 51, 52 PLED Against Defendants, LONG BEACH UNIFIED SCHOOL DISTRICT, SHAYON STAMPER, Does 1 to 20.

25.   Plaintiff refers to all the previous pled paragraphs of this Complaint and incorporates those paragraphs as though set forth in full in this cause of action.

26.   KYSEAN FERREIRA's  learning disability and mental condition of ODD are disabilities that are protected by the federal American with Disabilities Act of 1990. Plaintiff alleges that Defendants, and each of them, actions and omissions as set forth in this Complaint violated the Unruh Civil Rights Act, Civil Code, §§ 51, 52 and the federal American with Disabilities Act of 1990. KYSEAN FERREIRA claims that LBUSD,

11

PLAINTIFF'S FIRST AMENDED COMPLAINT

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

SHAYON STAMPER, Does 1 to 20 denied him full and equal accommodations and services because of his learning disability and mental condition of ODD. LBUSD, SHAYON STAMPER, Does 1 to 20 denied, aided or discriminated full and equal accommodations and services to KYSEAN FERREIRA. A substantial motivating reason for LBUSD, SHAYON STAMPER, Does 1 to 20's conduct was KYSEAN FERREIRA's learning disability and mental condition of ODD. KYSEAN FERREIRA was harmed; and LBUSD, SHAYON STAMPER, Does 1 to 20's conduct was a substantial factor in causing KYSEAN FERREIRA's harm.

27.    Plaintiff was harmed as set forth elsewhere in this complaint by Defendants, and each of them, actions and omissions and Defendants, and each of them, conduct was a substantial factor in causing Plaintiff's harm.  Plaintiff is entitled to an additional award pursuant to Unruh Civil Rights Act of up to three times the amount of his actual damages as a penalty against Defendants, and each of them.

<u>REQUEST FOR ATTORNEY FEES PURSUANT TO 42 USC §1988</u>

28.    The Civil Rights Attorney Fees Award Act, 42 USC §1988, provides in pertinent part as follows:

"In any action or proceeding to enforce a provision of §1981, 1982, 1983, 1985 and 1986 of this title... the Court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

If Plaintiff is the prevailing party in this lawsuit against Defendants, and each of them, then Plaintiff should be awarded attorney fees pursuant to the above provision.

29.    Plaintiff, because of the above, was forced to retain attorneys.  Plaintiff by way of

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

his guardian ad litem entered into a fee agreement with said attorneys.  Said attorneys incurred costs and fees in connection with the prosecution of Plaintiff's action against Defendants.

<u>REQUEST FOR:  EXEMPLARY DAMAGES</u>

30.     As additional damages against Defendants, SHAYON STAMPER, Does 1 to 20, Plaintiff alleges that Defendants, and each of them, were guilty of malice, fraud and oppression as defined in Civil Code §3294, and Plaintiff should recover in addition to actual damages, exemplary damages to make an example of and to punish such Defendants. The facts supporting Plaintiff's claim are set forth elsewhere in this complaint, but include, Defendants, and each of them, malice and oppression of Plaintiff in the acts or omissions made in regard to the excessive force, battery and unreasonable detention of Plaintiff.  The amount of exemplary damages sought is not shown pursuant to Code of Civil Procedure §425.10.

DEMAND FOR JURY TRIAL

Plaintiff, KYSEAN FERREIRA, hereby demands a jury trial regarding all of his claims and causes of action in this matter.

Therefore, Plaintiff, KYSEAN FERREIRA, a minor by his guardian ad litem, CANDACE SALEM, prays for judgment against Defendants, and each of them, as follows:

1.     For General Damages in the sum to be proven at the time of trial;

2.     For all special and incidental expenses in the sum to be proven at the time of trial;

3.     For attorneys fees pursuant to the Civil Rights Attorney Fees Awards Act, 42

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

PLAINTIFF'S FIRST AMENDED COMPLAINT

USC, §1988;

4.      Treble damages per Civil Code Section 52;

5.      For exemplary damages in a sum to be proven at the time of trial;

6.      For costs of suit incurred herein;

7.      For prejudgment interest pursuant to Civil Code §3291; and

8.      For such other and further relief as the court may deem just and proper.

Dated: June 1, 2022                    KYLE SCOTT LAW, PLC


                                       _____
                                       Kyle J. Scott, Attorney for
                                       Plaintiff, KYSEAN FERREIRA,
                                       A minor by his guardian ad litem,
                                       CANDACE SALEM

KYLE SCOTT LAW
17671 IRVINE BLVD., SUITE 210
TUSTIN, CALIFORNIA 92780
(714) 544-1460

14

PLAINTIFF'S FIRST AMENDED COMPLAINT

1   STEPHEN M. HARBER, STATE BAR #119830
    BESSIE A. MAFUD, STATE BAR #321860
2   McCUNE & HARBER, LLP
    515 South Figueroa Street, Suite 1100
3   Los Angeles, California 90071
    Telephone: (213) 689-2500 / Facsimile: (213) 689-2501
4   sharber@mccuneharber.com; bmafud@mccuneharber.com

5   Attorneys for Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT

6

7

8                       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           FOR THE COUNTY OF LOS ANGELES

10

11  KYSEAN FERREIRA, a minor by his              Case No: 22STCV17326
    guardian ad litem, CANDACE SALEM,            Assigned to Hon. Michael E. Whitaker
12                                               (Complaint filed on May 26, 2022)
          Plaintiff,
13                                               **ANSWER OF LONG BEACH UNIFIED**
    vs.                                          **SCHOOL DISTRICT TO PLAINTIFF'S**
14                                               **COMPLAINT**
    LONG BEACH UNIFIED SCHOOL
15  DISTRICT, SHA YON STAMPER                    Trial Date:  11/22/2023
    VIRGINIA DIVERS, JASON HEESCH,
16  SAUL HERNANDEZ, Does I to 20,

17        Defendants.

18

19

20        Defendant, LONG BEACH UNIFIED SCHOOL DISTRICT, hereby responds to plaintiff's

21  complaint for itself alone, and for no other defendant as follows:

22        The complaint in the above-captioned matter being unverified, and pursuant to §431.30

23  of the *Code of Civil Procedure*, defendant denies generally and specifically, each and every allegation

24  of plaintiff's complaint, and denies that plaintiff suffered damages in any sum.

25  / / /

26  / / /

27  / / /

28  / / /

                                        -1-

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The complaint fails to state facts sufficient to constitute a cause of action against defendant.

**AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

At the time of the accident referred to in plaintiff's complaint, the plaintiff was negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that plaintiff's negligence or fault must be compared with the negligence or fault of this defendant, as well as that of any other persons and parties, and that any award to plaintiff must be reduced by the amount that the plaintiff's negligence or fault contributed to his injuries and damages.

**AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

All events in connection with the accident alleged in the complaint and any resulting injuries or damages, were contributed to and proximately caused by the negligence of the plaintiff, in that plaintiff failed to exercise ordinary care for his own safety under the circumstances, thereby barring the plaintiff from any recovery.

**AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

At the time and place of the accident alleged in the plaintiff's complaint, the plaintiff knew of the danger and risk incident to his activity, but nevertheless freely and voluntarily exposed himself to all risks of harm and thus assumed all risk of harm incidental thereto.

/ / /

/ / /

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

10600162                                   Answer of Long Beach Unified School District to Plaintiff's Complaint

**AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The complaint is barred by the provisions of Section 335.1 of the *Code of Civil Procedure*.

**AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

Any and all acts or omissions of this defendant or its employees or agents which allegedly caused the accident at the time and place set forth in the Complaint were the result of the exercise of discretion vested in it and, therefore, this defendant is not liable to plaintiff for any of the alleged injuries or damages pursuant to Government Code, Sections 820.2 and 815.

**AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

The injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence, and said negligence is either imputed to plaintiff, by reason of the relationship of said parties to plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

**AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:**

Plaintiff did not exhaust one or more of his claims as required.

WHEREFORE, this defendant prays that plaintiff take nothing by reason of his complaint and that this defendant be given judgment for its costs of suit incurred herein, to be incurred, and for such other and further relief as the Court deems just and proper

/ / /

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

-3-

DATED:        July 28, 2022                    McCUNE & HARBER, LLP

                                               By: _____
                                                   STEPHEN M. HARBER, ESQ.
                                                   BESSIE A. MAFUD, ESQ.
                                               Attorneys for Defendant, LONG BEACH
                                               UNIFIED SCHOOL DISTRICT

10600162                                        Answer of Long Beach Unified School District to Plaintiff's Complaint

## PROOF OF SERVICE

STATE OF CALIFORNIA                    )
                                       )
                                       ) ss.
                                       )
COUNTY OF LOS ANGELES                  )

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1100, Los Angeles, California 90071.

On July 28, 2022, I served the foregoing document described as **ANSWER OF LONG BEACH UNIFIED SCHOOL DISTRICT TO PLAINTIFF'S COMPLAINT**, on the interested parties as follows:

Kyle J. Scott, Esq.
Kyle Scott Law, PLC
17671 Irvine Blvd., Ste. 210
Tustin, California 92780-3178
kyle@kjslaw.com; sam@kjslaw.com; naomi@kjslaw.com; servie@kjslaw.com
Attorney for Plaintiff, KYSEAN FERREIRA, A MINOR BY HIS GUARDIAN AD LITEM, CANDACE SALEM

   X   **ONLY BY ELECTRONIC TRANSMISSION.**  Only by e-mailing the document(s) to the persons at the e-mail address(es) below.  This is necessitated during the declared national emergency and governor's executive order due to the Coronavirus (COVID-19) pandemic because staff in this office is working remotely, and is unable to send physical mail as usual. Therefore, the document(s) referenced above is/are served only by using electronic mail.  We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

   X   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 28, 2022, at Los Angeles, California.

_____
ELIZABETH C FLORES

10600162                                         Answer of Long Beach Unified School District to Plaintiff's Complaint

McCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501